UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALONZO MCKINNEY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M. D. BITER,<br><br>　　　　Respondent. | Case No. 15-cv-05153-LB<br><br>**ORDER OF DISMISSAL**<br><br>[Re: ECF No. 1 ] |

## INTRODUCTION

Alonzo McKinney, an inmate at the Kern Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. McKinney consented to proceed before a magistrate judge. (ECF No. 1 at 10-11.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order dismisses the action because most of Mr. McKinney's claims cannot be pursued in a habeas action and the one claim that might be appropriate in a habeas action must be pursued in another district.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

## STATEMENT

Mr. McKinney alleges in his petition that he currently is serving a sentence of an unstated length for a 1997 conviction from Los Angeles County Superior Court. (ECF No. 1 at 2.) Mr. McKinney's petition does not challenge that conviction; instead his claims pertain to prison conditions and perhaps a different criminal case.

The petition for writ of habeas corpus alleges claims about many different things. Mr. McKinney identified eight claims in his petition: (1) prison officials at Folsom State Prison failed to investigate a prison official who allegedly falsified a report that Mr. McKinney is a gang member; (2) Mr. McKinney is entitled to a kosher diet and to practice Judaism; (3) Mr. McKinney was denied access and a telephone call to the Monterey County Superior Court in 2011-2012; (4) Mr. McKinney was denied a witness at a hearing at Salinas Valley State Prison at which he received a term in the security housing unit (SHU), and his property and mail were destroyed; (5) he was denied postage stamps; (6) he was subjected to "selective & vindictive prosecution," had "inadequate counsel" and other problems in Lassen County (*id.* at 7); (7) he was denied an evidentiary hearing on the other claims; and (8) he was denied discovery in earlier actions.

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### 1. Claims Other Than Claim 6

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 574, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's

challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

"[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the practice in the Ninth Circuit long has been that challenges to conditions of confinement be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

Other than Claim 6, which is discussed in the next section, Mr. McKinney's petition does not attempt to challenge either the fact of his conviction or the length of his sentence. Most of the claims pertain to the conditions of his confinement, and success on those claims would not result in his release from prison nor shorten his stay in prison. Specifically, success on his claims that a falsified report was issued (Claim 1), he wants to engage in religious practices (Claim 2); he was denied access to court during litigation in 2011-2012 (Claim 3); his right to due process was violated at a disciplinary hearing at his former prison (Claim 4); and he was denied postage stamps (Claim 5) would not end or shorten his stay in prison. Two other claims do not challenge conditions of confinement, but also are of the sort that will not affect the fact or duration of Mr. McKinney's confinement. Specifically, success on his claim that he was denied an evidentiary hearing (Claim 7) and denied discovery (Claim 8) would not end or shorten Mr. McKinney's stay in prison.[2] Each of these claims must be pursued in a civil rights action under 42 U.S.C. § 1983 if it is to be pursued in federal court.

Those civil rights actions should be filed in the proper districts. Venue generally is proper in a judicial district in which any defendant resides or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). A civil rights

---

[2] It also is doubtful that Claim 7 or Claim 8 would be cognizable in a civil rights action, but it is premature for the court to rule on that question. Today, the court only determines that Claim 7 and Claim 8 do not state claims cognizable in a federal habeas action.

3

complaint about the conditions of confinement at Folsom State Prison in Sacramento County generally should be filed in the Eastern District of California. A civil rights complaint about the conditions of confinement at Kern Valley State Prison in Kern County generally should be filed in the Eastern District of California. A civil rights complaint about the conditions of confinement at Salinas Valley State Prison in Monterey County generally should be filed in the Northern District of California.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the civil action filing fee of $ 350.00 (plus a $50.00 administrative fee) rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the court may be able to make credibility determinations based on the written submissions of the parties in a habeas action, (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas action. It is not in the interest of judicial economy to allow prisoners to file civil rights actions and claims on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

### 2. Claim 6 - Lassen County Prosecution

The only claim in the petition that *might* belong in a habeas action is Claim 6, in which Mr. McKinney alleges he was subjected to selective and vindictive prosecution, had inadequate counsel and other problems in Lassen County. (ECF No. 1 at 7.) The reason the court states that Claim 6 "might" rather than "does" belong in a habeas petition is because it is not clear from the petition whether Mr. McKinney actually suffered a conviction and is in custody pursuant to a judgment from the Lassen County Superior Court. A person must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The court will not require Mr. McKinney to amend to clarify whether he can meet the custody requirement for a habeas petition, however. Regardless of whether it is pursued in a habeas action or a civil rights action, the claim needs to be pursued in the Eastern District of California.

Venue is proper in a habeas action in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); however, a petition challenging a conviction or the sentence imposed is preferably heard in the district of conviction. *See* N. D. Cal. Habeas L.R. 2254-3(b); *see also Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993) ("Although concurrent jurisdiction to address a petition for writ of habeas corpus exists in both the district of incarceration and in the district of conviction, 28 U.S.C. § 2241(d), traditionally, California federal courts hear petitions for a writ of habeas corpus in the district of conviction.") Here, Mr. McKinney is currently confined in Kern County and challenges a Lassen County conviction (assuming a conviction occurred). Kern County and Lassen County are within the venue of the Eastern District of California. The Northern District of California is not the proper venue for a habeas action filed by a prisoner who is confined in the Eastern District of California and wants to challenge a conviction that was obtained in a county in the Eastern District of California.

If Mr. McKinney was prosecuted but never convicted, or if his conviction has been set aside, he might be able to pursue Claim 6 in a civil rights action. The proper venue for a civil rights action pertaining to events in Lassen County would be the Eastern District of California, where the defendants would be located and a substantial part of the events or omissions would have

occurred. *See* 28 U.S.C. § 1391(b). Nothing is alleged in the petition suggesting that venue for such a claim would be proper in the Northern District of California.

When an action is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is not in the interest of justice to transfer the petition to the Eastern District of California because it will need immediate and extensive amendment. It is preferable for the court to dismiss this action so that Mr. McKinney can determine whether his Claim 6 should be pursued in a civil rights complaint or a habeas petition. Once he makes that decision, he can file the proper pleading in the Eastern District of California providing all the requested information on the form.

## CONCLUSION

This action is DISMISSED without prejudice. All claims other than Claim 6 are dismissed without prejudice to Mr. McKinney filing new civil rights complaints asserting such claims in the proper districts. Claim 6 is dismissed without prejudice to Mr. McKinney filing a petition for writ of habeas corpus or civil rights complaint in the Eastern District of California.

Mr. McKinney's *in forma pauperis* application is GRANTED. (ECF No. 3.)

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 25, 2016

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALONZO MCKINNEY,

    Plaintiff,

v.

M. D. BITER,

    Defendant.

Case No. 3:15-cv-05153-LB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 25, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alonzo McKinney ID: K-74846
Kern Valley State Prison D-6-122
P.O. Box 5104
Delano, CA 93216

Dated: February 25, 2016

Susan Y. Soong
Clerk, United States District Court

By: _____

Lashanda Scott, Deputy Clerk to the Honorable LAUREL BEELER

7